IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DAVID L. GREEN §
§
v. §
§ Case No. 2:13-CV-0430-RSP
CAROLYN W. COLVIN, §
ACTING COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

On April 16, 2012, Administrative Law Judge Christopher L. Williams issued a decision finding that Petitioner David Green was not disabled within the meaning of the Social Security Act from July 29, 2010 through the date of the decision. Mr. Green, who was 57 with a ninth grade education at that time, was found to be suffering from severe impairments including affective disorders, depressive disorder, not otherwise specified, and a history of substance abuse. He had not engaged in any substantial gainful activity since at least July 29, 2010. Before that time he had spent most of his adult life in prison. He estimated he had spent 35 years total in prison. Tr. 27. While he had attempted some work in the past, the ALJ concluded that he had no relevant past work.

After reviewing the medical records and receiving the testimony at the hearing, the ALJ determined that Petitioner had the residual functional capacity to perform the full range of medium work, as defined in the Social Security Regulations, including lifting or carrying 50 pounds occasionally and 25 pounds frequently, unlimited push/pull, and standing, walking and sitting (with normal breaks) for 6 hours of an 8-hour workday, except he is limited to unskilled

1

simple repetitive type work at the medium exertional level. Based on the testimony of a vocational expert witness, the ALJ determined that Petitioner could perform the requirements of certain jobs that exist in substantial numbers in the national economy, such as laundry worker, drycleaner helper, and hand packager. This finding resulted in the determination that Petitioner was not entitled to Supplemental Security Income benefits. Petitioner appealed this finding to the Appeals Council, which denied review on April 29, 2013. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises five issues on this appeal:

1. The Administrative Law Judge's decision was not supported by substantial evidence as the evidence shows plaintiff meets listing 12.04 and 12.06.

2. The Administrative Law Judge's decision was not supported by substantial evidence as plaintiff suffers from a combination of impairments that show he is disabled.

3. The Administrative Law Judge erred in discrediting the opinions of plaintiff's treating physicians and therapist.

4. The Administrative Law Judge erred in discrediting plaintiff's subjective complaints.

5. The Administrative Law Judge erred in failing to present a proper hypothetical to the vocational expert to include all of plaintiff's non-exertional limitations.

*Issue No. 1:*

Plaintiff contends that the ALJ erred in not finding that Plaintiff's impairments meet or medically equal the requirements of one of the listed impairments in 20 C.F.R. Part 404, leading to a finding of disability at Step Three. Plaintiff refers to the requirements of Listings 12.04 and 12.06, which pertain to mental disorders. The ALJ addressed this issue on page 4 of his opinion (Tr. 13). The requirements of the listings are demanding. Plaintiff bears the burden of proof at Step Three and must prove that he has experienced "repeated episodes of decompensation, each of extended duration," as well as "marked"[1] limitations in at least two of the three following areas: activities of daily living, maintaining social functioning, and maintaining concentration, persistence or pace. In addition to this proof, Plaintiff must separately show either a "complete inability to function outside the area of one's home" (for Listing 12.06) or a "medically documented history" of extended duration meeting detailed criteria (for Listing 12.04) that Plaintiff does not even argue he has met.

---

[1] On a scale of mild, moderate, marked or extreme.

While Plaintiff's brief cites a variety of entries in the medical records, and often in Plaintiff's own testimony, Plaintiff's burden is not to show that there is favorable evidence in the record. Rather, Plaintiff must show that the ALJ lacked any substantial evidence to support his findings. Both Dr. Matthew Turner and Dr. Glen McClure performed reviews of the records and opined that Plaintiff did not meet the Listings. While Dr. Carmen Zegarra did make findings tending to support Plaintiff's position, the ALJ articulated reasons for assigning greater weight to the opinions of the former. The Court's review of the record does not support Plaintiff's argument that the ALJ erred in this finding.

*Issue No. 2:*

This issue is focused on the physical limitations described by the Plaintiff, and primarily the fact that he testified to using a cane to assist in walking for the last six years. Plaintiff argues that the ALJ should have found that he meets Listing 1.00 regarding the inability to ambulate effectively due to problems with a hip, knee or ankle. However, the Listing clearly requires greater limitations than even Plaintiff testified to, let alone those documented by a medical source. Plaintiff uses only one cane--not the two canes, crutches or walker described in the Listing—and clearly walks well enough to independently provide for the activities of daily living. The ALJ did not err by not finding that Plaintiff met Listing 1.00.

*Issues Nos. 3 and 4:*

Plaintiff here asserts that the ALJ erred in not assigning controlling weight to the medical opinions of a "treating source." While not completely clear, it appears that the Plaintiff is referring to the ALJ's discounting of the findings of Dr. Segarra. Ordinarily, the opinions of a treating physician should be given more weight than those of someone less familiar with the

4

Plaintiff's condition. However, Dr. Segarra only saw the Plaintiff on two occasions, so her status as a treating physician is marginal. A review of the records satisfies the Court that the ALJ was justified in assigning "significant" weight to Dr. Segarra but more to the other medical experts, whose findings were more detailed and consistent with each other.

Plaintiff also complains that the ALJ discounted the credibility of Plaintiff's testimony regarding his pain and other symptoms without proper explanation. While the ALJ has great discretion in weighing the evidence and determining credibility, there are parameters governing those findings. For instance, in Social Security Ruling 96-7, the Commissioner clarified that:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

A review of the ALJ's opinion, especially at pages 5 through 9, shows that the ALJ did perform the required analysis of the record and give the specific reasons for his credibility determination. The Court finds that the record, and particularly the medical evidence, amply supports the ALJ's finding that the Plaintiff's complaints of pain and disabling symptoms were not fully credible.

*Issue No. 5:*

The last issue concerns whether the hypothetical question given to the vocational expert witness at the hearing included all appropriate restrictions on Plaintiff's ability to work. For the

reasons discussed above, the Court finds that the residual functional capacity determination of the ALJ was supported by substantial evidence.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is affirmed and this action is dismissed.

**SIGNED this 22nd day of September, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE